Los Esposos Polonio Ceballos y Juana Parrillas, demandantes; y Magdalena Osorio, subrogada y apelante, v. La Sucn. de Francisco Alvarez, compuesta de Juana y Enriqueta González Pardiño, demandada y apelada.

No. 6403.—*Sometido:* Mayo 4, 1934. *Resuelto:* Julio 28, 1934.

*Ángel A. Vázquez*, abogado de la apelante; *Celestino Iriarte* y *F. Fernández Cuyar*, abogados de la apelada.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

En febrero 10, 1931, Polonio Ceballos y su esposa Juana Parrillas iniciaron un pleito en la Corte de Distrito de San Juan contra Juana y Enriqueta Pardiño, herederos de Francisco Alvarez, sobre nulidad de actuaciones y reintegro de rentas.

El pleito fué resuelto por sentencia de mayo 26, 1932, que contiene los siguientes pronunciamientos:

1 y 2, declarando nulo el procedimiento en ejecución de hipoteca seguido por el causante de las demandadas contra los demandantes que culminó en la adjudicación a dicho causente de la finca de los demandantes hipotecada a su favor y nula dicha adjudicación y su inscripción en el registro;

3, condenando a las demandadas a dejar libre y expedita a la disposición de los demandantes la finca en cuestión;

4, condenando además a las demandadas a pagar a los demandantes las rentas producidas por la finca desde septiembre 25, 1928, hasta la fecha del pago, a razón de sesenta dólares mensuales;

6, condenando a los demandantes a pagar a las demandadas intereses al uno por ciento mensual sobre dicha hipoteca desde junio 24, 1927, hasta su completo pago y a reintegrarles además $180.71 que pagaron por concepto de contribuciones impuestas a la finca y $532.21 invertidos en reparaciones necesarias de la misma; y

7, condenando en costas a las demandadas.

Ninguna de las partes apeló y la sentencia quedó firme. Radicado por los demandantes su memorándum de costas ascendente a $525, las demandadas lo impugnaron y la corte por resolución de septiembre 13, 1932, lo redujo a $224.50. No conformes aún las demandadas apelaron y su apelación fué desestimada en marzo 8, 1933 (44 D.P.R. 596).

En noviembre 10, 1932, compareció en el pleito Magdalena

Osorio y pidió que se la tuviera por subrogada en lugar de los demandantes en cuanto a la parte de la sentencia de mayo 26, 1932, que se refiere al pago impuesto a las demandadas de las rentas producidas por la finca en cuestión ascendentes a $2,954 y al importe del memorándum de costas ya aprobado ascendente a $224.50 por haberle dichos demandantes cedido los expresados créditos el día anterior, noviembre 9, 1932, y pidió además que siendo firme la sentencia, ordenara la ejecución de la misma en cuanto a la suma de $2,954 importe de las rentas. El mismo día accedió a todo la corte.

Así las cosas, en noviembre 23, 1932, comparecieron las demandadas y pidieron a la corte que dejara sin efecto su orden de noviembre 10, 1932, porque la cesión se había hecho sin su conocimiento ni consentimiento, porque eran al tiempo de la cesión acreedores de los cesionarios a virtud de la propia sentencia de mayo 26, 1932, en la suma de $2,963.42, porque la moción de subrogación y ejecución ni la orden concediéndola, les fueron notificadas y porque a la fecha de la cesión ningún derecho que trasmitir tenían los demandantes. Se opuso Magdalena Osorio y la corte tomó el caso bajo su consideración.

En ese estado el asunto, aparece cumpliendo el márshal de la corte en diciembre 7, 1932, un mandamiento que se le expidiera de acuerdo con la orden de subrogación y ejecución, vendiendo a la propia subrogada Magdalena Osorio por $675 los créditos reconocidos en la sentencia de mayo 26, 1932, a favor de las demandadas.

Una vez que se enteraron éstas, pidieron a la corte que anulara también dichos procedimientos. Se opuso Magdalena Osorio y la corte finalmente, en febrero 24, 1933, resolviendo ambas cuestiones, declaró nula la cesión del crédito de $2,954 que estaba extinguido por compensación y nula la subasta y la adjudicación hecha a favor de Magdalena Osorio.

En marzo 23, 1933, Magdalena Osorio manifestó a la corte que la apelación interpuesta por las demandadas contra la resolución fijando las costas que debían satisfacer había sido

desestimada, procediendo por tanto que se les requiriera para que depositaran en la corte el importe de las mismas y si así no lo hicieren que se librara el mandamiento de ejecución correspondiente.

Accedió la corte, en marzo 24, 1933, se requirió a las demandadas y éstas en 24 de abril siguiente pidieron a la corte por las razones que en extenso expusieron que anulara su orden de marzo 24 y el mandamiento de ejecución dirigido al márshal, de acuerdo con la misma. Se opuso Magdalena Osorio y la corte en mayo 3, 1933, dictó la orden que motiva esta apelación. Por ella anuló su orden de marzo 24, 1933, y el mandamiento expedido al márshal, comunicándose a éste que se abstuviera de llevar a cabo la subasta que había señalado para mayo 16, 1933, a virtud del mandamiento.

Atribuye en su alegato Magdalena Osorio a la corte de distrito la comisión de tres errores, como sigue:

"1.—La Corte erró al anular por motivos de compensación su orden de 24 de marzo de 1933, porque el crédito por costas no era líquido y exigible en el momento de la cesión y, además, porque no estaba sujeto a compensación.

"2.—La Corte erró al anular su indicada orden de 24 de marzo de 1933, porque aun en el supuesto de que el crédito por costas objeto de la cesión fuera compensable, sin embargo para la sucesión demandada comenzaron los efectos de la cesión desde el 23 de noviembre de 1932, fecha en que se enteraron de ella y no la impugnaron.

"3.—La Corte erró al anular su indicada orden de 24 de marzo de 1933, porque en virtud de actos realizados por la propia sucesión demandada ésta quedó impedida de alegar la compensación en cuanto al crédito por costas."

A nuestro juicio ninguno de los errores señalados fué cometido.

No debe perderse de vista que todo emana aquí de una sola sentencia y en casos tales se ha resuelto por la jurisprudencia que:

"La cesión parcial de una sentencia sin el consentimiento del deudor por lo general no afecta a este último. Esto está de acuerdo con

los principios que de ordinario rigen cesiones parciales de causas de acción (choses in action). El acreedor no puede dividir su reclamación, y mediante cesión de parte de la misma, imponer al deudor la obligación legal de pagar al cesionario.'' 15 R.C.L. 781.

Las costas de que se trata se fijaron por la corte sentenciadora en $224, en septiembre 13, 1932. Apelaron las demandadas sólo en lo referente a la cuantía de los honorarios. El contrato privado de cesión se celebró en noviembre 9, 1932. A esa fecha los cedentes a virtud de la propia sentencia que condenó en costas a las demandadas—costas que quedaron fijadas en una suma determinada antes de la cesión—debían a las demandadas una cantidad mayor que la que las demandadas debían a los cedentes. Siendo ello así, nada tenían los cedentes para trasmitir a la cesionaria y nada pudo ésta adquirir en consecuencia.

Es cierto que la apelación de la orden resolutoria del memorándum de costas suspendió sus efectos, pero una vez confirmada, dichos efectos se retrotraen al día de su constitución.

Dice el artículo 1073 del Código Civil, Ed. 1930:

''Artículo 1073.—Los efectos de la obligación condicional de dar, una vez cumplida la condición, se retrotraen al día de la constitución de aquélla. Esto no obstante, cuando la obligación imponga recíprocas prestaciones a los interesados, se entenderán compensados unos con otros los frutos e intereses del tiempo en que hubiese estado pendiente la condición. Si la obligación fuere unilateral, el deudor hará suyos los frutos e intereses percibidos, a menos que por la naturaleza y circunstancias de aquélla deba inferirse que fué otra la voluntad del que la constituyó.

''En las obligaciones de hacer y de no hacer, los tribunales determinarán, en cada caso, el efecto retroactivo de la condición cumplida.''

Está admitido que la cesión de que se trata nunca fué notificada a las demandadas. A sus espaldas se hizo. No fué por ellas consentida. Y el Código Civil, Ed. 1930, en su artículo 1152, prescribe:

''Artículo 1152.—El deudor que hubiere consentido en la cesión

de derechos hecha por un acreedor a favor de un tercero no podrá oponer al cesionario la compensación que le correspondería contra el cedente.

"Si el acreedor le hizo saber la cesión y el deudor no la consintió, puede oponer la compensación de las deudas anteriores a ella, pero no la de las posteriores.

"Si la cesión se realiza sin conocimiento del deudor, podrá éste oponer la compensación de los créditos anteriores a ella y de los posteriores hasta que hubiese tenido conocimiento de la cesión."

De nada puede quejarse la cesionaria. Cuando ella adquirió el crédito de que se trata, sabía que emanaba de una sentencia que contenía otros pronunciamientos en contrario. La compensación surgió como una realidad de la que no podía prescindirse desde el momento en que se reconocieron créditos y se impusieron obligaciones por la misma sentencia a ambas partes. Se había verificado "ipso jure," sin que las partes tuvieran necesidad de solicitarla expresamente, antes de la cesión.

Comentando Manresa el artículo 1198 del Código Civil Español igual al 1152 del nuestro que hemos citado dice:

"Hecha la distinción que precede, expondremos en cuanto a la compensación ya causada, que produciéndose aquélla *ipso jure,* sin intervención de los interesados, habrá extinguido una y otra obligación, y, por tanto, en la medida en que lo estén, no cabe cesión de crédito que produzca efecto contra el deudor, y sí tan sólo una reclamación por evicción o dolo del cesionario contra el cedente." 8 Manresa, Comentarios al Código Civil, 379.

Y en 12 C. J. 228, encontramos:

"La compensación legal por regla general tiene efecto *ipso jure* independientemente de la intención o aún del conocimiento de las partes."

Es aplicable la jurisprudencia establecida por esta Corte Suprema en el caso de *Vicenty* v. *Vázquez, et al.,* 11 D.P.R. 287, 288, copiando del resumen:

"La cesión de un crédito hipotecario extinguido por compensación es nula, y esa nulidad envuelve la de la venta judicial verificada en

el procedimiento seguido para el cobro de dicho crédito, y aunque tal procedimiento puede ser válido, esa circunstancia no impide decretar la nulidad de dicha venta, la que reconoció como única causa la cesión del crédito extinguido.''

El hecho de que las demandadas tuvieran conocimiento de la cesión en noviembre 23, 1932, y no la impugnaran hasta abril 24, 1933, no tiene importancia. La cesión fué ineficaz en su origen y la ley no fija tiempo determinado para impugnarla, ni el transcurrido es bastante para considerar abandonado su derecho por parte de las demandadas. La interposición del recurso de apelación contra la orden fijando la cuantía de las costas explica la dilación.

Tampoco constituye impedimento alguno al ejercicio del derecho de las demandadas el hecho de que la indicada apelación se tramitara interviniendo como parte en ella la cesionaria. Dicha apelación se interpuso en septiembre 20, 1932, y el contrato de cesión se celebró en noviembre 9, 1932. Siendo ello así, dentro de dicha apelación no cabía suscitar cuestión alguna sobre nulidad o ineficacia de la cesión. Compareció la cesionaria a virtud de habérsele tenido por subrogada en lugar de los cedentes en la corte de distrito, no estando envuelta la cuestión de si la subrogación estuvo o no bien decretada, en el recurso que, como repetidamente se ha dicho, versaba sobre la cuantía de los honorarios únicamente. En nada puede dañar a las demandadas el haberse circunscrito dentro de la apelación a sus límites.

*Debe declararse sin lugar la apelación y confirmarse la resolución de 3 de mayo de 1933.*